## MORAN v. KENT.

(Supreme Court, Appellate Division, Second Department.   October 16, 1903.)

1. TRIAL—SUFFICIENCY OF PROOF.
    Where the allegations to which plaintiff's proof is directed are unproved in their entire scope and meaning, there is such a failure of proof as requires a reversal on appeal.

Appeal from Municipal Court, Borough of Queens, First District.

Action by Edward H. Moran against Walter L. Kent.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Geo. S. Billings, for appellant.

Burt Jay Humphrey, for respondent.

WOODWARD, J.   The defendant and the plaintiff's assignor, who were husband and wife, were living apart under a judgment of separation.   As a part of the provision made by the defendant for the payment of alimony to the plaintiff's assignor, and for her support, and the maintenance and education of the children of the marriage, two bonds and mortgages were executed and delivered by the defendant as collateral security.   The complaint, as amended at the trial, alleges that the defendant became so far in arrears in his payments that the plaintiff's assignor was entitled to foreclosure of one of these mortgages according to its terms and the provisions of a written agreement between the parties, but that she agreed to and did forbear to start foreclosure proceedings at the defendant's request.   In consideration of this forbearance, it is alleged in the complaint that the defendant promised to pay the plaintiff's assignor "a reasonable amount as she might pay F. H. Chandler for a piano, not exceeding $500," and it is upon this promise that the action was brought and judgment rendered in favor of the plaintiff.

We do not find upon an examination of the record that fair preponderance of evidence in favor of the plaintiff which is necessary to sustain the judgment.   The testimony of the plaintiff's assignor is vague, confused, and wholly unconvincing.   It falls far short of establishing the fact that any contractual obligation whatever was assumed by the defendant in reference to the piano.   It finds no support upon any material point in the testimony of the plaintiff's other witnesses, and it is squarely in conflict with the testimony of the defendant, which is amply corroborated by the subsequent conduct of the parties and the probabilities suggested by the whole evidence.   This is true, both of the evidence directed to the allegation of the defendant's promise, and to the allegation of the consideration for that promise. It is reasonable to infer from the testimony of the witness Seaman, who was counsel for the plaintiff's assignor, that whatever forbearance to foreclose the mortgages the plaintiff's assignor may have exercised was for her own protection rather than for the defendant's benefit, and upon the advice of her own counsel.   The alleged instructions to her

attorney by the plaintiff's assignor to foreclose the mortgage, and her subsequent direction to him to discontinue the proceedings, are supported by no proof sufficiently definite in point of time to be of avail to the plaintiff, and it seems to be established that the piano was rented rather than purchased by the plaintiff's assignor. The allegations to which the plaintiff's proof was directed were unproved in their entire scope and meaning, and there is therefore a failure of proof that requires a reversal of the judgment. The judgment should be reversed, and a new trial ordered.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event. All concur.